**CENTURY 21 PARKER REAL ESTATE, INC., Appellee,**

v.

**John B. AMOS and Dian E. Amos, Appellants.**

**No. 82886.**

Court of Appeals of Oklahoma, Division No. 3.

Nov. 15, 1994.

Rehearing Denied Jan. 24, 1995.

Certiorari Dismissed as Untimely March 6, 1995; Rehearing on Dismissal Filed March 8, 1995; Denied April 20, 1995.

Robert G. Perrine, Norman, for appellants.

Robert L. Pendarvis, Norman, for appellee.

*OPINION*

HUNTER, Judge:

Appellee (real estate broker) sued Appellants (sellers) for a commission it claimed

was owed because, although the time of the parties' contract had expired, sellers' private sale of the property was to one of the prospective buyers with whom Appellee broker had mediated negotiations during the term of the contract. The parties stipulated to these facts, and attached the documents supporting them:

1. The parties entered into a Listing Contract Exclusive Right to Sell Agreement;

2. On July 20, 1989, Broker delivered to Appellants a real Estate Purchase Contract which contained the offer of Stephen Lyn Wise to purchase the property for $105,000.00.

3. Appellants made a written counter-offer to Wise in the sum of $127,500.00.

4. Appellants counter-offer is reflected on the document called "Seller's Net Sheet" which Appellee had delivered to Appellants on July 20, 1989.

5. Appellants sold the property to Wise on November 30, 1989 for $119,000.00.

6. Appellee wrote a demand letter for payment of the commission on March 4, 1991.

7. Appellee did not advise Appellant in writing within ten days of the contract's termination on November 1, 1989, that Wise was a prospective buyer to whom Appellants could not sell the property during the 60 day period after the end of the contract without having to pay the broker's commission.

The contract contains the following language pertinent to the resolution of this dispute:

2. Seller agrees to pay brokerage fees of 6% of sales price on the sale of the Property herein described for the compensation of REALTOR in any of the following events ...

(b) The sale or exchange of the property within 60 days after the termination of this listing contract if to anyone with whom REALTOR has shown the property or with whom the REALTOR has negotiated concerning the property prior to the termination of this listing contract **(In order to be protected under this clause REALTOR must within 10 days after the above termination date advise Seller in writing of the names of such prospects.** If the Seller subsequently lists this Property with another real estate firm, REALTOR's reservation of names shall not apply during the term of said subsequent listing.) (emphases ours.)

■ The trial court erroneously granted summary judgment in favor of Appellee and erroneously denied Appellants' motion for summary judgment. When evidence is presented to the appellate court by way of documents only, the appellate court may substitute its analysis of the record for that of the trial court. It may enter the order the trial court should have rendered. *Loffland Brothers Company v. Overstreet*, 758 P.2d 813, 817 (Okl.1988).

■ Appellee contends that the written offer tendered by Wise in July, approximately three months before the six-month contract terminated, satisfied the contract requirement that Realtor had to advise Appellants in writing of the names of the prospective buyers within ten days of the end of the contract. We disagree. There was only one way for Appellee to protect itself under the clause allowing broker fees if Appellants sold the property within 60 days after the end of the contract and that was to submit the names of the prospects within ten days after the end of the term. We follow the rule that "in the interpretation of a written contract that the parties' intentions and purposes, in absence of allegations of fraud, accident, or mistake in making the contract, must be determined from the contract language, subject matter, and relation of the parties." *Cities Service Oil Co. v. Geolograph Co.*, 208 Okla. 179, 254 P.2d 775, 779 (1953). There is no ambiguity in the contract language. Appellee stipulated that it failed to submit a writing to Appellants within ten days reflecting the names of prospective buyers it had already shown the property or otherwise negotiated concerning the property during the contract term. It forfeited its commission by its inaction.

Appellee's assertion that Appellants "waived" their right to enforce the clause in question is misplaced. The right at issue was Appellee's right to collect its fee after

the contract term unless Appellee forfeited its right, as it did in this case. The "right" belonged to Appellee, not Appellant.

For these reasons we reverse the grant of summary judgment in favor of Appellee. We remand this matter to the trial court with directions to enter judgment for Appellants.

REVERSED AND REMANDED WITH DIRECTIONS.

GARRETT, V.C.J., and ADAMS, J., concur.